IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RACQUEL LEWIS, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-18-1393 |
| ANTWERPEN HYUNDAI OF CLARKSVILLE, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Racquel Lewis ("Plaintiff" or "Lewis") brings this *pro se* action against Defendants Antwerpen Hyundai, Inc. t/a/ Antwerpen Hyundai of Clarksville ("Antwerpen Hyundai" or the "Corporate Defendant"), Michael Antwerpen, Akbar Ali, Fares Hassan, Zil Chauhdry, Ryan ___, and Ed ___[1] (collectively, the "Individual Defendants"), alleging that the Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Currently pending before this Court is the Defendants' Motion to Dismiss.[2] (ECF No. 16.) Despite receiving a Rule 12/56 Notice of the Defendants' Motion on August 9, 2018, the Plaintiff has not filed a response. (ECF No. 17.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED and the Plaintiff's claims are DISMISSED.

---

[1] Plaintiffs Complaint, Amended Complaint, and Second Amended Complaint fail to identify Defendant Ryan and Defendant Ed's last names.
[2] Although the Motion to Dismiss is only filed by Defendants Antwerpen Hyundai, Michael Antwerpen, and Ed __, these Defendants' arguments are applicable to the remaining Defendants and Plaintiff's claims against those Defendants will be addressed as well.

1

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" Lewis' Pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017).

Plaintiff alleges that she began working for the Defendant Antwerpen Hyundai of Clarksville ("Antwerpen Hyundai") as a sales person in March of 2017. (ECF No. 5 at 8.) Previously, she had worked for Antwerpen Nissan of Owings Mills. (*Id.*) Plaintiff asserts that she was fired from the Owings Mills location in February of 2017 allegedly after she "spoke back" to a General Manager. (*Id.* at 13.) Although Plaintiff does not set forth a clear depiction of the facts in her Complaint, Amended Complaint, or Second Amended Complaint,[3] she appears to allege that she was discriminated and retaliated against on the basis of her gender while an employee of Antwerpen Hyundai.

Lewis' clearest allegation of discrimination is that she was denied the opportunity to work part-time while a male employee was permitted to work part-time. She alleges that she requested to work part-time twice in April of 2017 and both requests were denied. (ECF No.

---

[3] Although the filing of an Amended Complaint, and in this case a Second Amended Complaint, ordinarily supersedes and renders the Original Complaint of no effect, liberally construing the Plaintiff's Complaints, this Court gathers the background of this case from each of the Plaintiff's Pleadings.

5. at 8.) This was despite the fact that she "worked very hard," came "in on days off," and "pushed to stay" at work when she was sick. (*Id.*) Subsequently in June of 2017, a male employee, Lasannah Tweh, began working at Hyundai Antwerpen and was permitted to work part-time. (*Id.*)

The rest of the Plaintiff's Pleadings list miscellaneous "other events" that occurred from January of 2017—before she began working at the Clarksville location—through August of 2017. She describes computer problems, Defendant Zil ignoring her requests for time off and other assistance, other negative interactions with co-workers, being given "fake leads" and "some of [her] leads [being] taken away," having her customers assigned to other sales persons, and overhearing co-workers discussing her divorce and her other personal matters. She also alleges that she had foreign applications downloaded onto her cell phone which could be used to access the other applications on her phone. Finally, she alleges that she had a tracking system installed on her car. In response to this alleged discrimination, in June of 2017 Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

In August of 2017, the Plaintiff was terminated, allegedly after she accidentally sent her sales manager text messages that were not intended for him. (ECF No. 5 at 12.) Sometime thereafter, she requested a Notice of Right to Sue from the EEOC regarding her Charge of Discrimination, which she received on February 18, 2018. (ECF No. 9.) On May 14, 2018, Plaintiff filed a *pro se* Complaint for Employment Discrimination in this Court against the Defendants, alleging that they discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (ECF

No. 1.) Without ever serving any of the Defendants with a Summons or copy of the Complaint, she subsequently filed an Amended Complaint on May 29, 2018 and a Second Amended Complaint on June 4, 2018. (ECF Nos. 5, 9.) Over a month after she filed the Second Amended Complaint, Summons were issued on July 5, 2018. (ECF No. 14.)

On August 9, 2018, the Defendants filed a Motion to Dismiss, contending that all of the Plaintiff's claims should be dismissed because she lacks standing to bring them due to her actions in a bankruptcy proceeding.[4] The Motion also argues that even if the Plaintiff had standing, dismissal of all of her claims is warranted because she failed to properly serve any of the Defendants under the Federal Rules of Civil Procedure. Finally, even if the Plaintiff had standing and properly served the Defendants, the Motion to Dismiss argues that there is no individual liability under Title VII as to her claims against the Individual Defendants, she failed to properly exhaust her Title VII retaliation claim, and she failed to state a claim for discrimination under Title VII. On the day the Defendants filed their Motion, the Clerk of this Court issued the Plaintiff a "Rule 12/56 Letter" indicating that a failure to respond could result in the dismissal of her claims. (ECF No. 17.) After almost three months, Lewis has still not filed a responsive pleading.

## STANDARD OF REVIEW

### I. Motion to Dismiss under Rule 12(b)(1)

When a defendant moves to dismiss a plaintiff's claim for lack of standing, courts commonly address the motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Taubman Realty Group Ltd. Partnership v. Mineta*, 420 F.3d 475 (4th Cir. 2003)

---

[4] *See In re Lewis*, No 18-13118 (Bankr. D. Md. Mar. 9, 2018).

(analyzing a claim of lack of standing as a challenge to subject matter jurisdiction); *see also Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250 (D. Md. 2016) (same). Similarly, a motion to dismiss for failure to exhaust administrative remedies is also governed by Rule 12(b)(1). *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003); *Clarke v. DynCorp Intern. LLC*, 962 F.Supp.2d 781, 786 (D. Md. 2013).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson,* 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999).

**II.     Motion to Dismiss under Rule 12(b)(5)**

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (citing *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D. Md. 2006)). While generally failure to strictly comply with Rule 4 may not invalidate service of process if service of process gives the defendant actual notice of the pending action, the plain requirements for the means of effecting service of process may not be ignored. *Armco, Inc. v. Penrod–Stauffer*

*Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Aryes v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 260 (D. Md. 2015).

### III. Motion to Dismiss under Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In their Motion to Dismiss, the Defendants raise several arguments for the dismissal of Plaintiff's claims. As explained below, all of the Plaintiff's claims are dismissed first because she lacks standing to bring them due to her actions in a bankruptcy proceeding.

Even if the Plaintiff had standing, however, dismissal of all of her claims is also warranted because she failed to properly serve any of the Defendants under the Federal Rules of Civil Procedure. Finally, even if the Plaintiff had standing or had properly served the Defendants, there is no individual liability under Title VII as to her claims against the Individual Defendants, she failed to properly exhaust her Title VII retaliation claim, and she failed to state a claim for discrimination under Title VII.

I. Grounds for Dismissal of all of the Plaintiff's Claims

a. Motion to Dismiss under Rule 12(b)(1) for Lack of Standing

Defendants argue that Plaintiff's claims must be dismissed for lack of standing because she filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Maryland. *In re Lewis*, No 18-13118 (Bankr. D. Md. Mar. 9, 2018). Accordingly, her claims now have been assigned to the bankruptcy trustee. "Filing a petition for Chapter 7 bankruptcy creates an estate comprised of the debtor's property, including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016) (citing 11 U.S.C. § 541(a)(1)(2012). Such interests include, among others, "non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). The debtors list these interests on a Schedule of Personal Property when filing for bankruptcy.

After filing for bankruptcy, the bankruptcy trustee "has exclusive authority to use, sell, or lease estate property." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D.Md. 2002). Therefore, if a cause of action arose prior to the debtor filing for bankruptcy, "the trustee

alone has standing to bring that claim." *Nat'l American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

A debtor may regain standing to assert his or her claim, but only if the bankruptcy trustee affirmatively abandons the claim.[5] *Nicholas*, 173 F. Supp. at 255 (citing *Nat'l American Ins. Co.*, 187 F.3d at 441). A trustee cannot abandon a claim, however, and the claim remains the property of the estate after the bankruptcy proceedings close, if the debtor did not disclose the claim on its Schedule of Personal Property included in the bankruptcy petition. *See Nicholas*, 173 F. Supp. at 255 ("If the debtor's schedule does not disclose a cause of action that accrued pre-petition, that cause of action remains the property of the estate after the bankruptcy case is closed.") (citation omitted).

Here, Lewis filed her EEOC Charge in June of 2017 and received the Notice of Right to Sue on February 14, 2018. (ECF Nos. 1, 1-3.) Subsequently, Lewis filed for Chapter 7 Bankruptcy on March 9, 2018. (*In re Lewis*, No 18-13118 (Bankr. D. Md. Mar. 9, 2018), ECF No. 1). At that time, any standing to pursue her instant claims were transferred to the bankruptcy trustee. On her Schedule of Property, under "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," the Plaintiff did not list any claims, including her instant Title VII claims. (*Id.*, ECF No. 24.) This is despite the fact that she had already filed her EEOC Charge, and just one month prior received her Notice of Right to Sue. Therefore, at the close of the bankruptcy proceedings, the trustee could not abandon the claims. *See Nicholas*, 173 F. Supp. 3d at 255 (explaining that while

---

[5] As this Court stated in *Nicholas*, "[p]roperty belonging to the bankruptcy estate may be abandoned in three ways: (1) by the trustee after notice and hearing; (2) by court order after notice and hearing; or (3) by operation of law if property listed on the debtor's schedules of property has not been administered when the bankruptcy case closes." 173 F. Supp. 3d at 255 (citing 11 U.S.C.A. § 554).

8

"debtors' schedules need not identify every potential cause of action, every possible defendant, or even any defendant at all," they must allege "enough information that a reasonable investigation by the trustee would reveal the claim ultimately asserted"). Because Plaintiff failed to list any claims at all, her claims remain an asset of the bankruptcy estate and she does not have standing to bring instant Title VII claims. On this ground alone, Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED

### b. Motion to Dismiss Under Rule 12(b)(5) for Insufficient Service of Process

Defendants seek to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff did not properly serve any of her Pleadings on the Defendants under either the Federal Rules of Civil Procedure.[6] (ECF No. 16.) "Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Federal Deposit Insurance Corp. v. Schaffer,* 731 F.2d 1134, 1135–1136 (4th Cir. 1984). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (citing *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D. Md. 2006)). This Court analyzes below whether the Plaintiff properly served the Individual Defendants before analyzing whether she properly served the Corporate Defendant.

### i. Service of Process on the Individual Defendants

The Individual Defendants argue that Plaintiff failed to properly serve them under the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 4(e), an

---

[6] Federal Rule of Civil Procedure 5(a) provides that pleadings filed after the original complaint must be served on every party unless the court orders otherwise. Fed. R. Civ. P. 5(a)(1)(B).

individual may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). In Maryland, a plaintiff may serve process on an individual by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Md. Rule 2–121(a).

Plaintiff sent all of the Summons and copies of the Pleadings to the Individual Defendants' last known place of employment—the Defendant Hyundai Antwerpen. The Federal Rules of Civil Procedure do not permit service upon an individual by mailing a summons to their last known place of employment. *See* Fed. R. Civ. P. 4(e); Md. Rule 2-121(a); *Berrios v. Keefe Commissary Network, LLC*, No. TDC-17-0826, 2018 WL 1123692, at \*4 (D. Md. Mar. 1, 2018) ("Neither the federal rules nor Maryland law allow for service of process at a defendant's place of business absent personal service."); *Marinkovic v. Schulz*, No. GLR-16-1461, 2017 WL 6422372, at \*2 (D. Md. Aug. 9, 2017) ("Service of process on an individual's place of business does not satisfy Rule 4(e)'s requirements for serving individuals."). Therefore, Lewis did not properly serve any of the Individual Defendants.

### ii. Service on Antwerpen Hyundai was Ineffective

With respect to Antwerpen Hyundai, Federal Rule of Civil Procedure 4(h) requires that a domestic corporation that is subject to suit under a common name must be served:

(1) In a judicial district of the United States:

a. in the manner prescribed by Rule 4(e)(1) for serving an individual; or
b. by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed R. Civ. P. 4(h). As explained above, a plaintiff in Maryland may be served by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Md. Rule 2–121(a). Maryland law further provides that "service is made upon a corporation, association, or joint stock company by serving its resident agent, president, secretary, or treasurer." Md. Rule 2-124(d).

Here, the Complaint was sent through FedEx to Antwerpen Hyundai's place of business. It was not served upon a resident agent, president, secretary, or treasurer in accordance with Maryland law and it was not sent by restricted delivery certified mail. Furthermore, the summons was signed by J. Wolf, who is not the resident agent, president, vice-president, treasurer, or secretary of Antwerpen. (Antwerpen Decl., ECF No. 16-2 at ¶ 4.) Therefore, since Plaintiff failed to effectuate service upon Defendant Antwerpen Hyundai in accordance with the Federal Rules, her claims against the Corporate Defendant fail for ineffective service of process.

**II.     Grounds for Dismissal of the Plaintiff's Particular Claims**

Even if the Plaintiff's claims had survived to this juncture, her Title VII claims for retaliation and discrimination would be dismissed for the additional reasons that there is no individual liability under Title VII as to her claims against the Individual Defendants, she failed to properly exhaust her retaliation claim, and she failed to state a claim for discrimination.

### a. Motion to Dismiss Plaintiff's Claims against the Individual Defendants

Defendants assert that Plaintiff's claims against the Individual Defendants must be dismissed because there is no individual liability under Title VII. The United States Court of Appeals for the Fourth Circuit has held that an individual may only be liable under Title VII if he or she qualifies as an "employer" within the meaning of the statute. *Weathersbee v. Baltimore City Fire Department*, 970 F. Supp. 2d 418, 425 (D. Md. 2013) (citing *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998)). This is because individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.*; *see also Weathersbee*, 970 F. Supp. 2d (dismissing Title VII claims against Baltimore City Fire Department Chief); *Erskine v. Bd. of Educ.,* 197 F. Supp. 2d 399, 405 (D. Md. 2002) (dismissing Title VII claims against public school administrators). An employer under Title VII is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current of preceding calendar year . . .." 42 U.S.C. § 2000(e)(b). The Plaintiff does not allege that any of the Defendants meet these criteria, and therefore because none of the individual Defendants are employers within the meaning of Title VII, Plaintiff's claims against these Defendants must fail.

### b. Motion to Dismiss Plaintiff's Retaliation Claim

Defendants assert that this Court lacks jurisdiction over Plaintiff's Title VII retaliation claim because she failed to administratively exhaust the claim with her EEOC Charge. Failing to exhaust administrative remedies deprives this Court of subject matter jurisdiction over the claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Before bringing a Title VII discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, Title VII requires that a plaintiff file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). In Maryland, a deferral state,[7] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge or the plaintiff requests a right to sue notice, a plaintiff has ninety days from receiving his or her notice of right to sue letter to file an action in court. 42 U.S.C. § e-5(f)(1). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The purpose of this requirement is to ensure "that the employer is put on notice of the alleged violations so that the matter can be resolved out of court[,] if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 490 (4th Cir. 2005) (citation omitted). Accordingly, a party will be heard only on those "claims stated in the initial [EEOC] charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Hart v. Broadway*

---

[7] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

*Services, Inc.*, 899 F. Supp. 2d 433, 440 (D. Md. 2012) (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996)).

The Motion to Dismiss argues that although Plaintiff filed suit within 90 days of receiving her right to sue notice, she failed to administratively exhaust her retaliation claim by describing it in her Charge. Plaintiff's EEOC charge states:

> I. I began working for the above referenced employer in 2016, as a Sales Person. In April of 2017, I requested part-time work three times and was denied. However, another similarly situated male employee, Lasannah Tweh, was granted part-time work immediately.
> II. Respondent has no reasonable explanation for its actions.
> III. I believe I was discriminated against with respect to unequal terms and conditions (part-time work) due to my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 1-3 at 4). In addition, under the "discrimination based on" section of the Charge, she only checked "sex," not "retaliation." (*Id.*) Accordingly, neither the Plaintiff's allegations in her Charge nor the Charge itself gave Antwerpen Hyundai any notice that she was bringing a retaliation claim. For this reason, this Court would lack subject matter jurisdiction over the Plaintiff's retaliation claim and dismissal would be warranted.

### c. Motion to Dismiss Plaintiff's Discrimination Claim

Defendants assert that Plaintiff's discriminatory disparate treatment claim fails to state a claim upon which relief can be granted. In order to demonstrate a *prima facie* case of disparate treatment on the basis of gender discrimination, a plaintiff must allege that: (1) she is a member of a protected class, (2) her job performance was satisfactory, (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 486 (D. Md. 2016)

(explaining that an inference of "gender discrimination could be based on a comparison to the treatment of similarly situated co-workers of different races or genders if those colleagues were treated more favorably under similar circumstances").

Plaintiff alleges that she was denied opportunities to work part-time while a male employee was permitted to work part time. Even assuming that she satisfied the first three prongs of the *prima facie* case for discrimination, she fails to allege any facts supporting that the male employee was similarly situated. Rather, she makes the conclusory allegation that he was "a similarly situated male," which is insufficient to state a claim for discrimination. *See Hurst v. District of Columbia*, No. 15-1410, 681 F. App'x 186 (4th Cir. Mar. 7, 2017) (explaining that a showing that other employees are similarly situated typically includes evidence that the employees dealt with the same supervisor, . . . [were] subject to the same standards[,] and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their misconduct") (internal quotations and citation omitted). Lewis does not allege whether she and the male employee dealt with the same supervisors, engaged in the same conduct, or any facts showing that they were similarly situated. Therefore, she has failed to state a claim for discrimination. For all of the above reasons, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED and Plaintiff's claims are DISMISSED.[8]

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 16) is GRANTED and Plaintiff's claims are DISMISSED. A separate Order follows.

---

[8] To the extent Plaintiff made passing references to state law torts such as invasion of privacy, these claims would also be dismissed for lack of standing and failure to effectuate service of process.

Dated: November 5, 2018

                                        \_\_\_\_\_/s/_____
                                        Richard D. Bennett
                                        United States District Judge